Filed 12/12/25  Gomez v. Gomez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| EVA GOMEZ<br><br>      Petitioner and Respondent,<br><br>v.<br><br>CHARLES GOMEZ,<br><br>      Respondent and Appellant. | A171531<br><br>(Mendocino County<br>Super. Ct. No. 24FL00522) |

Appellant and respondent Charles Gomez appeals from a domestic violence restraining order (DVRO) obtained by respondent and petitioner Eva Gomez.[1]  Because the record does not include the testimony considered by the trial court in granting the DVRO, we affirm.

### BACKGROUND

Eva and Charles "used to be married or registered domestic partners" and had a son together.  On July 30, 2024, Eva, in pro per, filed a Request for DVRO (Request) against Charles, seeking to protect herself and her two children, including her son with Charles.[2]  In the Request, Eva alleged that Charles verbally abused her on many occasions and took "things from [her]

---

[1] Because the parties share the same last name, we refer to them by their first names.  No disrespect is intended.

[2] As a pro per, Eva filed a similar request for DVRO against Charles over three years earlier.

back porch . . . ." She also alleged two incidents where Charles became angry and aggressive and "intimidated" Eva when he picked up their son. Eva also sought sole legal and physical custody over their son and an order preventing Charles from abducting him.

On August 20, 2024, the trial court held a hearing on the Request. Eva and Charles, who both appeared in pro per, were sworn in and testified. They were the only two testifying witnesses. And the only documentary evidence admitted into evidence was a screen shot of a short text message conversation between Eva and Charles.

After hearing the sworn testimony of Eva and Charles, the trial court issued a DVRO against Charles. The DVRO, which included a no-contact and stay-away order, protected Eva and her two children until August 20, 2027. The court also gave Eva sole legal and physical custody over the son and set a visitation schedule for Charles.

Charles filed a timely notice of appeal.

## DISCUSSION

On appeal, "a trial court judgment is ordinarily presumed to be correct . . . ." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*).) As a result, "the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment." (*Ibid.*) " ' "[I]f the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' " (*Ibid.*) Thus, the appellant " 'has the burden of providing an adequate record.' " (*Ibid.*) This is true even if the appellant is representing himself on appeal. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984–985 ["the rules of civil procedure must apply equally to parties represented by counsel and those who forgo attorney representation"].)

2

Here, the record does not include a reporter's transcript documenting the testimony offered at the August 20, 2024 hearing on the Request because that hearing was not reported. Because there is no transcript of the pertinent hearing or suitable substitute (see Cal. Rules of Ct., rules 8.134 ["agreed statement"], 8.137 ["settled statement"]), it is impossible for us to review the DVRO in this case and consider Charles's claims on appeal (see *Jameson*, 5 Cal.5th at p. 609 [" 'In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided' "]).

## DISPOSITION

The DVRO is affirmed. There is no award of costs on appeal.

CHOU, J.

We concur.

JACKSON, P. J.
BURNS, J.

A171531/ *Gomez v. Gomez*

3